27186-09

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

HANOVER INSURANCE COMPANY     \*

versus     \*     CIVIL ACTION NO. 08-777

LATTER & BLUM PROPERTY MANAGEMENT \*     SECTION " F "
INC., HILLAR C. MOORE, JR., and DESIREE
FORD, Individually and on behalf of the minor     \*     MAGISTRATE 1
children, TERRIONA FORD and TERRY FORD
    \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \* \*

# MEMORANDUM IN SUPPORT OF
# MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Latter & Blum Property Management, Inc., defendant herein (hereinafter "Latter &

Blum"), has filed a Motion to Dismiss the Complaint for Declaratory Judgment filed by Hanover

Insurance Company in this Court on January 29, 2008, pursuant to F.R.C.P. 12, for the following

reasons:

## FACTS

On or about August 23, 2007, Desiree Ford, individually and on behalf of her minor

children, Terriona Ford and Terry Ford, filed a lawsuit in the Civil District Court for the Parish

of Orleans, naming as defendants, Hillar C. Moore, Jr., Latter & Blum Property Management,

Inc., ABC Insurance Company, and DEF Insurance Company (attached as **Exhibit "A"**).  After

1

subsequent pleading, ABC Insurance Company is actually Hanover Insurance Company, plaintiff herein. The lawsuit filed by the Fords alleged that they resided at a home at 1738 North Dorgenois Street in New Orleans, Louisiana, and, as a result of living in that home, the Fords had elevated blood lead levels due to improper lead exposure. The Fords claim damages as a result of said lead exposure. Named as defendants in that matter, among others, are the owner of the property, Hillar C. Moore, Jr., the manager of said property, Latter & Blum Property Management, Inc., and Mr. Moore's and Latter & Blum's property insurers. One of Latter & Blum's property insurers is Hanover Insurance Company, the plaintiff in the Complaint for Declaratory Judgment.

On or about January 29, 2008, Latter & Blum's insurer filed a Complaint for Declaratory Judgment in this Court seeking a determination of if Hanover provided coverage for the allegations contained in the Civil District Court matter.

II.

## LAW AND ARGUMENT

The Complaint for Declaratory Judgment filed by Hanover Insurance Company in the Eastern District of Louisiana is a classic example of forum shopping. The case that is presently set before the Civil District Court for the Parish of Orleans, *Ford v. Moore, et al.,* will resolve **all** disputes arising out of the Fords' allegations, including, but not limited to, liability, damages and insurance coverage, if there are any. It is absolutely unnecessary to decide coverage in federal court, when the state court can completely dispose of the entire matter.

2

The Fifth Circuit has reviewed this matter on many occasions and has stated that it is within the district court's discretion whether or not to hear a declaratory judgment action when a suit in state court may resolve the entire matter. *Torch, Inc. v. LeBlanc*, 947 F.2d 193 (C.A. 5 (La.) 1991); *Rowen Companies, Inc. v. Blanton,* 764 F.Supp. 1090 (E.D. La. 1991); and *Belle Pass Towing Corp. v. Cheramie,* 763 F.Supp. 1348 (E.D. La. 1991).

The district court is not required to provide declaratory judgment relief; rather, it is a matter for the court's sound discretion. *British Borneal Exploration, Inc. v. Enserch Exploration, Inc.,* 28 F.Supp 2d, 999, vacated 1999 WL 58285 (ED La., 1988). *In re Complaint of River City Towing Services, Inc.*, 199 F.Supp. 2d, 495 (E.D. La., 2002).

Where a previously filed action will resolve all of the issues in a matter, the district courts have been reluctant to become involved and decide coverage only. *Employers Ins. Of Wausau v. Gulf Island Marine,* 718 F.Supp. 17 (E.D. La., 1989); and *Bituminous Fire & Marine Ins. Co. v. Fontenot,* 907 F.Supp. 193 (M.D. La. 1995).

In *Employers Ins. of Wausau,* the district court declined to entertain insurer's action for judgment declaring coverage provided under a protection and indemnity insurance policy where a previously filed state court action against the insured would resolve some, if not all, of the issues involved in present action, and the interest of judicial economy and convenience of witnesses and parties would be served by resolution of all of the issues in state court action. *Employers Ins. of Wausau v. Gulf Island Marine, Inc.,* 718 F.Supp. 17 (E.D. La., 1989).

Moreover, in *Bituminous Fire & Marine Ins. Co. v. Fontenot,* 907 F.Supp. 193 (M.D. La., 1995), the federal district court abstained from considering the merits of a declaratory

3

judgment action brought by an insurer to determine coverage under a liability policy containing a

pollution exclusion clause in deference to a second filed suit brought by insured which was

pending in state court.  The federal district court abstained from hearing the declaratory action

because the  matter could be fully resolved in state court proceeding.

The factors for determining whether to hear a declaratory judgment action include, but

are not limited to:

1) Whether there is pending state action which all matters in controversy may be
fully litigated;

2) Whether plaintiff filed suit in anticipation of a lawsuit being filed by defendant;

3) Whether plaintiff engaged in forum shopping in bringing suit;

4) Whether impossible inequities in allowing plaintiff to gain precedence in time or
to change forum exists;

5) Whether federal court is convenient forum for parties and witnesses; and

6) Whether retaining lawsuit in federal court would serve purposes of judicial
economy.

***British Borneo Exploration, Inc. v. Enserch Exploration, Inc.,*** 28 F.supp. 2d 99 (E.D. La.
1998), vacated 1999 WL 58285.

It is clear that the underlying matter filed in the Civil District Court for the Parish of

Orleans will resolve all outstanding issues as it relates to both plaintiffs, the Fords, and

defendants, Hanover Insurance Company, Latter & Blum Property Management, and Hillar

Moore.  The declaratory judgment action filed by Hanover Insurance Company in federal court

does not resolve all of the issues and, in fact, only potentially resolves coverage over **one**

defendant.  It is in the interest of judicial economy to allow the state court to resolve all of the

4

issues before it.  It is clearly within the district court's discretion to refuse to hear the declaratory judgment action when the underlying matter in state court will resolve all disputes.

      **WHEREFORE,** defendant, Latter & Blum Property Management, Inc., prays that this Honorable Court dismiss the Complaint for Declaratory Judgment at plaintiff's costs.

Respectfully submitted,

_____
**BRIAN D. KATZ** (Bar No. 24137)
*Herman Herman Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
**TELEPHONE:**    (504) 581-4892
**FAX:**    (504) 561-6024
**E-MAIL:**    bkatz@hhkc.com
**ATTORNEY FOR DEFENDANT, LATTER &
BLUM PROPERTY MANAGEMENT, INC.**


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **March 2⁄, 2008,** I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    **MATTHEW J. UNGARINO, ESQ.**
    **WAYNE MALDANATO, ESQ.**

_____
**BRIAN D. KATZ** (Bar No. 24137)
*Herman Herman Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
**TELEPHONE:**    (504) 581-4892
**FAX:**    (504) 561-6024
**E-MAIL:**    bkatz@hhkc.com
**ATTORNEY FOR DEFENDANT, LATTER &
BLUM PROPERTY MANAGEMENT, INC.**