```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


HANOVER INSURANCE COMPANY                       CIVIL ACTION


VERSUS                                          NO. 08-777


LATTER & BLUM PROPERTY                          SECTION "F"
MANAGEMENT, INC. ET AL.
```

ORDER AND REASONS

Before the Court is Hanover Insurance Company's motion to reconsider this Court's April 23, 2008 Order and Reasons granting Latter & Blum's motion to dismiss. For the reasons that follow, Hanover's motion for reconsideration is DENIED.

Background

On August 23, 2007, Desiree Ford filed a lawsuit in the Civil District Court for the Parish of Orleans because of her children's alleged exposure to lead paint at 1738 North Dorgenois Street in New Orleans. Among the defendants named in that lawsuit are Ford's property manager, Latter & Blum Property Management, Inc., and "DEF Insurance Company," which Ms. Ford alleges issued liability insurance to Latter & Blum and is obligated to provide coverage for

1

her children's injuries.

On January 29, 2008, Hanover Insurance Company, which provided general liability coverage to Latter & Blum from 2001 to 2007, filed this action for declaratory judgment against all the parties to the state court action, seeking a declaration of non-liability for the Fords' injuries. On April 23, 2008, the Court granted Latter & Blum's motion to dismiss Hanover's complaint, and Hanover now asks the Court to reconsider this ruling.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*).

Because the present motion for reconsideration was filed within ten days of entry of the Court's Order granting summary judgment and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992)

(substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The grant of such a motion is an "extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d at 479).

## II.

Hanover persists with the same arguments that the Court found unpersuasive when it granted Latter & Blum's motion to dismiss on April 23, 2008. Hanover's declaratory judgment complaint involves the very same factual and legal issues that Ms. Ford raises in her state-court petition, and the Court fails to see any reason these issues should be litigated in separate forums. The facts and

procedural setting of this case are not remotely similar to <u>Travelers Insurance Co. v. Louisiana Farm Bureau Federation</u>, 996 F.2d 774, 778 (5th Cir. 1993), in which the Fifth Circuit reversed the district court's dismissal of an insurer's declaratory judgment action. In <u>Travelers</u>, the insurer was exposed to a multiplicity of suits in various forums in Louisiana and Mississippi. It filed the federal declaratory judgment suit "to bring all of the potential claimants, including. . . seventeen individual defendants, under the umbrella of one action so that all of the claims could be resolved consistently and completely." <u>Id</u>. By the time the district court *sua sponte* raise the issue of whether it should abstain from deciding the substantive issues in the case, the lawsuit had already been pending for two years in federal court, during which, the Fifth Circuit noted, the only defendant left in the lawsuit had "vigorously litigat[ed] the claims raised in the federal declaratory judgment action rather than advocating abstention." <u>Id</u>. Discovery was completed, both sides agreed that there were no material facts in dispute, and neither side requested the court to abstain. The only issue that remained was "one, solitary, legal question on which the district court has already been thoroughly briefed." <u>Id</u>. at 779. In these circumstances, the Fifth Circuit held that the district court erred in dismissing the federal action.

    Unlike the insurer in <u>Travelers</u>, Hanover is not exposed to a

4

multiplicity of lawsuits in various states. Discovery has not begun and, contrary to Hanover's claim, it does not appear that summary judgment is appropriate at this early stage in the litigation. <u>Cf</u>. <u>Travelers</u> at 777. ("Both parties agreed that no material issues of fact existed in the case and that summary judgment--for one or the other party-was appropriate."). In fact, in addition to claiming its policy excludes lead exposure injuries, Hanover denies liability based on the "known loss rule" and Latter & Blum's alleged failure to provide timely claim notification. These allegations raise issues of law that have not been briefed and issues of fact that might require a trial.

In deciding whether to dismiss or retain this action, this Court has considered the appropriate factors and, like the other courts in this district that have declined to decide state-law insurance coverage issues in a separate federal declaratory judgment action, this Court finds that dismissal is appropriate. <u>See</u>, <u>e.g.</u>, <u>Employers Ins. of Wausau v. Gulf Island Marine, Inc.</u>, 718 F.Supp. 17 (E.D. La. 1989); <u>National Union Fire Ins. Co. of Pittsburgh v. Tanigpahoa Parish School</u>, 1996 WL 715521 (E.D. La. 1996). Hanover does not present any new evidence, and it has not shown that there was a mistake of law or fact in the Court's prior ruling. The extraordinary remedy of granting reconsideration is not warranted. Accordingly,

5

IT IS ORDERED: Hanover's motion for reconsideration is DENIED.

New Orleans, Louisiana, May 14, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE